SMITH, DIRECTOR, APPELLEE, *v.* PENN CENTRAL CORPORATION, APPELLANT, ET AL.

(No. 9294—Decided July 30, 1985.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael Igoe* and *Rupert E. Ruppert,* for appellee.

*Altick & Corwin* and *Hugh H. Altick,* for appellant.

WOLFF, J. The Penn Central Corporation ("Penn Central") appeals from the judgment of the common pleas court awarding it compensation for land appropriated for Interstate 675 by the Director of Transportation of the state of Ohio.

Penn Central advances three assignments of error.

Assignment of Error No. 1

"The trial court lacks jurisdiction and erred in proceedings to try on the merits the issues of plaintiff's Petition for Appropriation when plaintiff-appellee had not complied with the provisions of Revised Code 5519.01 requiring the Director of Transportation to enter upon his journal a finding that it is necessary, for the public convenience and welfare, to appropriate such property as he deems needed for such purposes and a finding fixing the value of such property together with damages to the residue, by reason wherein the judgment is void."

Assignment of Error No. 2

"The trial court erred in holding that the plaintiff-appellee, Director of Transportation, had an option to ignore the provisions of Revised Code 5519.01 and to proceed under the provisions of Revised Code 163.01 *et seq.*, in proceeding on the Petition for Appropriation."

Assignment of Error No. 3

"The trial court erred in holding that only substantial compliance with the statutes governing proceedings for appropriation was required of plaintiff-appellee rather than strict compliance with said statutes."

These assignments of error accurately reflect *the facts* in the record. The record further reflects that the director strictly complied with R.C. 163.01 *et seq.*

The issue presented is whether the Director of Transportation must strictly comply with R.C. 5519.01, or whether he has an option of appropriating property pursuant to R.C. 5519.01 or R.C. 163.01 *et seq.*

R.C. 5519.01 reads as follows:

"If the director of transportation is unable to purchase property for any purpose related to highways, roads, or bridges authorized by Chapters 5501., 5503., 5511., 5513., 5515., 5516., 5517., 5519., 5521., 5523., 5525., 5527., 5528., 5529., 5531., 5533., and 5535. of the Revised Code, he shall first enter on the journal of the department of transportation a finding that it is necessary, for the public convenience and welfare, to appropriate such property as he deems needed for such purposes. Such finding shall contain a definite, accurate, and detailed description of the property, and the name and place of residence, if known or with reasonable diligence ascertainable, of the owner of the property appropriated.

"The director shall, in such finding, fix what he deems the value of such property appropriated, together with damages to the residue, and deposit the value thereof, together with such damages, with the probate court or the court of common pleas of the county within which such property, or a part thereof, is situated. *The power to appropriate property for any purpose authorized by such chapters shall be exercised in the manner provided in sections*

*163.01 to 163.22 of the Revised Code."* (Emphasis added.)

R.C. 163.02 reads in part as follows:

"All appropriations of real property, except as otherwise authorized by this section, shall be made pursuant to sections 163.01 to 163.22 of the Revised Code. *The director of transportation may appropriate any interest in real property pursuant to sections 163.01 to 163.22 of the Revised Code or as otherwise provided by law."* (Emphasis added.)

We conclude from R.C. 163.02 that the director may, but is not required to, proceed pursuant to R.C. 5519.01.

R.C. Chapter 163, Ohio's enactment of the Uniform Eminent Domain Act, was enacted in 1966, well after the enactment of R.C. Chapter 5519. Since 1966, several sections of R.C. Chapter 5519 have been repealed. However, R.C. 5519.01 remains, having been amended (see 137 Ohio Laws, Part II, 2735) since 1966 to refer to R.C. 163.01 through 163.22.

While we are not certain why R.C. 5519.01 remains on the statute books, we are satisfied that R.C. 163.01 through 163.22 substantially fulfill the purposes of R.C. 5519.01 which bolsters our opinion that R.C. 163.02 provides the director with the option, but not an obligation, to comply with R.C. 5519.01.

Penn Central does not contend that the director has not complied with R.C. Chapter 163, and from our examination of the record there appears to have been strict compliance with R.C. Chapter 163.

Because we conclude that the director was not required to comply with R.C. 5519.01, the first assignment is overruled. Because we conclude that the trial court correctly held the director had a choice between R.C. 163.01 *et seq.,* and R.C. 5519.01, the second assignment of error is overruled. Because we conclude that R.C. Chapter 163 was strictly complied with, the third assignment of error is overruled.

The judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.